**SECURITIES & EXCHANGE COM-
MISSION, Plaintiff,
and**

**Securities Investor Protection Corpo-
ration, Applicant,**

**v.**

**QUODAR EQUITIES, LTD., and Law-
rence Levinson, Defendants.**

**No. 72–C–67.**

United States District Court,
E. D. New York.

Jan. 8, 1973.

William D. Moran, Acting Regional Administrator, Securities & Exchange Commission, New York City, William Nortman, Asst. Regional Administrator, New York City, for plaintiff and applicant.

Helfand & Lesser, New York City, Robert Helfand, New York City, for defendants.

## MEMORANDUM OF DECISION

MISHLER, Chief Judge.

■ The Trustee for the Liquidation of the Business of Quodar Equities, Ltd. and his counsel move for an award of interim fees in the amount of $8,362.50 and $4,350.00, respectively. The affidavits in support of the application state that the reasonable fee for services to date due the Trustee is $11,150.00 and the interim allowance requested represents 75% of that sum. The fee is based on 223 hours of services at $50.00 an hour. Counsel also asks for 75% of the reasonable value of services rendered computed at $50.00 an hour for 116 hours. The total reasonable fee to date is said to be $5,800.00 and he requests an interim allowance of $4,350.00. Exhibit 8 of the moving papers indicates that the total moneys received by the Trustee is $118,645.51. Trustee's fees are not normally computed on an hourly basis. The Trustee's fee must be related to the value of the estate.

■ The award of interim fees is not generally favored. See memorandum of decision of United States District Judge Milton Pollack in Edwin L. Gasperini, Trustee for the Liquidation of the Business of Charisma Securities Corporation (Southern District of New York, reported New York Law Journal, December 26, 1972).

■ Helfand & Lesser, Esqs., attorneys for the Trustee, are awarded an interim fee allowance of $2,500.00.

An order has been made and filed this day authorizing Securities Investor Protection Corporation to pay the said sum of $2,500.00.